```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     DALLAS DIVISION
```

IN RE ENABLE COMMERCE, INC.,    §
                                §
                    Petitioner. § Civil Action No. 3:08-CV-1972-D
                                §
                                §

                        MEMORANDUM OPINION
                            AND ORDER

The instant motion to remand presents the question whether this Tex. R. Civ. P. 202 proceeding—which allows a person to petition a Texas court for authorization to take depositions before suit to perpetuate or obtain testimony for use in an anticipated suit or to investigate a potential claim or suit—is removable under the court's diversity jurisdiction. Concluding that it is not, the court grants petitioner's motion and remands this matter to state court.

                                I

Petitioner Enable Commerce, Inc. ("Enable") filed in Texas state court a verified petition to take deposition before suit pursuant to Rule 202,[1] which provides:

---

[1] "Rule 202 consists of five rules: 202.1-202.5." *Kimberly-Clark Corp. v. Cont'l Cas. Co.*, 2006 WL 2468712, at *1 (Aug. 25, 2006) (Fitzwater, J.). Its cluster of five subparts address when a petition may be filed (202.1), the required contents of the petition (202.2), the requirements for serving the petition and notice of hearing (202.3), the required contents of the order authorizing a deposition (202.4), and the manner of taking and using a deposition (202.5).

> A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:
>
> > (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or
> > (b) to investigate a potential claim or suit.

Rule 202.1. Enable sought to depose Jeffrey L. Davis ("Davis"), a Senior Account Manager at United Stationers Supply Co. ("United), and Danny Brooks, a United District Manager ("Brooks"). According to the petition, Enable requested the oral depositions of Davis and Brooks for the purpose of investigating "potential claims involv[ing] breach of contract between [Enable] and United and related tort and fiduciary duty claims arising out of a joint venture between [Enable] and United for the sale of office supply products." Pet. ¶ 3. In Enable's remand motion (but not in its Rule 202 petition), it explains that it is an ecommerce company created to work with and service The Standard Register Company ("Standard Register").[2] It posits that after it secured a national account with Standard Register to provide a new product line and national sales involving office products, Enable negotiated with United to be the underlying supplier for Enable's account with Standard Register, after which Standard Register notified Enable that United had proposed to take the account away from Enable and

---

[2]In its petition, Enable does identify Standard Register as an entity that may have an adverse interest to Enable. Pet. ¶ 4(b).

that Standard Register no longer needed Enable's services.

In its Rule 202 petition, Enable specified the testimony it expected to develop through the Davis and Brooks depositions, Pet. ¶ 6; it asserted that it sought their testimony so that it could "determine whether a claim should be pursued or if litigation should be instituted," *id.* at ¶ 7; and it requested an order authorizing the depositions "in order to perpetuate their testimony," *id.* at ¶ 9. Enable asserted that it "[did] not know if a claim should be pursued or against whom a claim should be made[.]" *Id.* at ¶ 7.

United, not Davis and Brooks, removed the Rule 202 petition to this court based on diversity of citizenship. According to the notice of removal, Enable (characterized as "Petitioner/Potential Plaintiff") is a citizen of Texas, and United (characterized as "Respondent/Potential Defendant") is a citizen of Illinois.[3] Not. Removal ¶¶ 1, 7. United therefore maintains that there is complete

---

[3]If the court were not remanding the matter based on lack of diversity jurisdiction, it would at least require that United properly plead diversity jurisdiction. Enable and United both appear to be corporations. A corporation is considered to be a citizen both of its state of incorporation and of its principal place of business. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party."). But in its notice of removal, United did not specifically allege the states of incorporation and of the principal places of business of Enable and United. It merely asserted that "Enable . . . is a citizen of Texas and [United] is a citizen of Illinois." Not. Removal ¶ 7.

diversity between "the two potential parties . . . to the anticipated suit." *Id*. at ¶ 7.

To satisfy the minimum amount in controversy, which is a requirement for diversity jurisdiction under 28 U.S.C. § 1332(a), United asserted in its notice of removal that "the amount in controversy exceeds $75,000, excluding interest, costs, and attorney fees." Not. Removal ¶ 8. United noted that "Enable did not state an amount in controversy in its Petition." *Id.* (In fact, Rule 202.2 does not require that an amount be pleaded.) United appeared to support its jurisdictional assertion by citing the parts of the declarations of Davis and Brooks that addressed both of the amount of goods (more than $200,000) that Enable had purchased from United so far in 2008, and the amount that Enable's principal, Rusty Wood ("Wood"), "estimated the business that is subject of this potential action to be worth $12 million annually." *Id.* Davis and Brooks both averred in their declarations that "Wood indicated that [Enable's] sales to Standard Register could be approximately $12 million annually." Davis Decl. ¶ 5; Brooks Decl. ¶ 5. In its opposition brief to Enable's remand motion, United relies on the $12 million figure alone. *See* Resp. Br. 3.

After United removed Enable's petition, the court entered an order directing United to file a brief addressing whether a Rule 202 petition is a "civil action" that is removable under 28 U.S.C.

§ 1441.[4] Enable later filed the instant motion to remand the petition to state court.[5]

II

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The purpose of removal in diversity actions is to protect nonresidents from the local prejudices of state courts. *See* 14 Charles Alan

---

[4]As the court notes *infra* note 7, it need not decide this question.

[5]Although Enable's remand motion reflects that it was served on December 5, 2008 (i.e., within 30 days of the date of removal), it was not filed until December 15, 2008. Because the 30-day period prescribed by 28 U.S.C. § 1447(c) for raising defects in removal, other than for lack of subject matter jurisdiction, had already elapsed when Enable filed its motion, it can rely only on the court's lack of subject matter jurisdiction to establish that the case must be remanded.

Wright, et al., *Federal Practice & Procedure* § 3640, at 141 (3d ed. 1998) (referring to "the policy underlying diversity jurisdiction of providing a nonresident with a forum free from local prejudice").

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* "The federal removal statute, 28 U.S.C. § 1441 (1997), is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar*, 47 F.3d at 1408. "[D]oubts about whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

The majority of Texas courts that have considered whether a Rule 202 proceeding is removable have held that it is not. *See Sawyer v. E.I. du Pont de Nemours, & Co.*, 2006 WL 1804614, at *2 (S.D. Tex. June 28, 2006) (holding that a Rule 202 petition is ordinarily not a removable "civil action"; it is simply a request

for discovery that may or may not eventually lead to federal claims over which a federal court would have jurisdiction); *Davidson v. S. Farm Bureau Cas. Ins. Co.*, 2006 WL 1716075, at *2, *4, & *6 (S.D. Tex. June 19, 2006) (holding that a Rule 202 petition is not a civil action that is removable under 28 U.S.C. § 1441, and, alternatively, even if it were removable, court lacked diversity jurisdiction because parties were not diverse); *Waller v. Wal-Mart Stores, Inc.*, 2002 U.S. Dist. LEXIS 3586, at *4 n.1 & *6 (N.D. Tex. Mar. 4, 2002) (Means, J.) (assuming *arguendo* that Rule 202 petition was "civil action" but holding that defendants had failed to establish minimum jurisdictional amount for diversity jurisdiction); *McCrary v. Kan. City S. R.R.*, 121 F.Supp.2d 566, 569 (E.D. Tex. 2000) (holding that Rule 202 petition "is not a civil action," is not generally removable, and therefore did not render untimely the removal of a later-filed suit); *Mayfield-George v. Tex. Rehab. Comm'n*, 197 F.R.D. 280, 283 (N.D. Tex. 2000) (Kendall, J.) (holding that Rule 202 proceeding "is not a 'civil action'" for purposes of removal and, even if it were, it is not removable because it is not a civil action over which a federal district court has original federal question jurisdiction); *see also Linzy v. Cedar Hill Indep. Sch. Dist.*, 2001 WL 912649, at *5 (N.D. Tex. Aug. 8, 2001) (Sanderson, J.) (holding that Rule 202 petition is not "a civil proceeding" for purposes of establishing claims for malicious prosecution and intentional infliction of emotional

distress). One district court has held that a Rule 202 petition is removable. *See In re Texas*, 110 F.Supp.2d 514 (E.D. Tex. 2000), *rev'd on other grounds sub. nom. Texas v. Real Parties in Interest*, 259 F.3d 387 (5th Cir. 2001). And a member of this court, while agreeing with *In re Texas* that a Rule 202 proceeding is a removable "civil action" under 28 U.S.C. § 1441, remanded a case because the removing party had failed to establish federal question jurisdiction based on complete preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. *See Page v. Liberty Life Assur. Co.*, 2006 WL 2828820, at *3 & *5 (N.D. Tex. Oct. 3, 2006) (McBryde, J.). The Fifth Circuit has not decided whether a Rule 202 petition is removable. *See Texas v. Real Parties in Interest*, 259 F.3d 387, 395 n.14 (5th Cir. 2001) (specifically declining to determine this issue, and remanding a removed Rule 202 proceeding for other reasons), *rev'g on other grounds sub. nom. In re Texas*, 110 F.Supp.2d 514 (E.D. Tex. 2000).

III

United maintains that Enable's petition is removable based on diversity jurisdiction.[6] The merit of United's position turns on whether it has established "both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch*

---

[6]Because United does not rely on federal question jurisdiction, the court need not address whether it has subject matter jurisdiction on this basis.

*Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Waller*, 2002 U.S. Dist. LEXIS 3586, at *5 (addressing necessity to demonstrating minimum amount in controversy) (citing 28 U.S.C. § 1332(a)).[7] United contends that the amount in controversy is "measured by the potential lawsuit." Resp. Br. 6.[8]

As a threshold matter, the inherent difficulty in determining the amount in controversy in a Rule 202 petition offers a compelling rationale for concluding that such a petition is not removable based on diversity.[9] As several courts have explained, "a Rule 202 petition does not assert any claim or cause of action

---

[7]As did Judge Means in *Waller*, 2002 U.S. Dist. LEXIS 3586, at *4 n.1, the court will assume *arguendo* that Enable's petition qualifies as a "civil action" within the meaning of 28 U.S.C. § 1441(a).

[8]United relies on Texas cases concerning the appealability of decisions involving Rule 202 petitions to contend that Enable's petition must be deemed to be ancillary to part of the ultimate lawsuit, and that the amount in controversy is therefore measured by the potential lawsuit arising from the petition. *See* Resp. Br. 6 (citing, *inter alia*, *IFS Sec. Group, Inc. v. Am. Equity Ins. Co.*, 175 S.W.3d 560 (Tex. App. 2005, no pet.)). These cases, which address the reasoning for determining that such rulings are not appealable, are inapposite in the context presented here. Even if their reasoning did apply, United cannot establish the amount in controversy of a lawsuit that has not been, and that may never be, filed.

[9]Although in *Waller* Judge Means evaluated the amount in controversy in terms of the costs of discovery, this appears to have resulted from the fact that the removing parties attempted in part to quantify the amount in controversy on this basis. *See Waller*, 2002 U.S. Dist. LEXIS 3586, at *5-*6 (addressing removing parties' evidence that they "would be forced to expend approximately $805,000 in photocopying costs to engage in the discovery requested by [petitioner's] Rule 202 petition").

upon which a court could grant relief." *Davidson*, 2006 WL 1716075, at *2 (citing, *inter alia*, *Mayfield-George*, 197 F.R.D. at 283). It merely seeks authority to take a deposition for use in an anticipated lawsuit. *Mayfield-George*, 197 F.R.D. at 283. "The Rule 202 Request is merely a *pre-suit* request for depositions to investigate a potential claim or suit." *McCrary*, 121 F.Supp.2d at 569. "A Rule 202 petition may never lead to a civil lawsuit, as the resulting deposition could just as easily indicate that the petitioner has no legal claim against the deponent or any other person or entity." *Davidson*, 2006 WL 1716075, at *2. The Supreme Court of Texas has in fact characterized such a petition as an ancillary proceeding, not a separate lawsuit. *See Office Employees Int'l Union v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965) (holding that petition filed under former Rule 187 (the predecessor to Rule 202) "is not of itself an independent suit, but is in aid of and incident to an anticipated suit . . . [and] is purely an ancillary matter."). Federal courts have therefore recognized the difficulty in determining whether there is subject matter jurisdiction when a Rule 202 petition is removed. "[I]t would be difficult for a federal court to determine, with any certainty, that it has federal question or diversity jurisdiction over a Rule 202 petition, since the petition articulates no specific claims against any particular civil defendants." *Davidson*, 2006 WL 1716075, at *2. This difficulty confirms that Rule 202 petitions

are not removable based on diversity of citizenship. And "[b]ecause any doubts as to whether removal was proper must be resolved against federal jurisdiction, these difficulties also counsel in favor of remanding [the] petition to state court." *Id.* at \*4.

There is still another problem that highlights the difficulty of allowing removal of Rule 202 petitions based on diversity. When this court's jurisdiction is based on diversity of citizenship, the Supreme Court's decision in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), requires that the court apply state substantive law and federal procedural law. "Under *Erie*, federal courts apply state substantive law to any issue or claim which has its source in state law. Yet, federal law, rather than state law, invariably governs procedural matters in federal courts." *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) (citations and internal quotation marks omitted) (quoting 19 Charles Alan Wright, et al., *Federal Practice and Procedure* § 4520 (2d ed. 2002)). Because a Rule 202 proceeding is by nature procedural (it arises under a Texas *procedural* rule), the law to be applied after removal is unclear. Like other Rule 202 petitions, Enable's does not seek substantive relief; it simply seeks discovery from, and to perpetuate the testimony of, two witnesses. If substantive law applies at all, it would appear to be confined to such matters as whether certain requested testimony is privileged. Otherwise, a

Rule 202 petition is inherently a procedural mechanism to which *federal* procedure would apply following removal. Although Fed. R. Civ. P. 27(a) does provide a procedure for perpetuating testimony before a case is filed, it is not precisely coterminous with a Rule 202 petition. Rule 202.1(b) permits deposition discovery "to investigate a potential claim or suit." Rule 27(a)(1)(A) is narrower in scope. It requires that the petitioner show "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought[.]" Therefore, if federal procedure controls following removal, it would appear to deprive the petitioner of one essential role that a Rule 202 petition performs: its function of allowing depositions to be taken to investigate potential claims or lawsuits that may never be brought.

IV

Even if the amount in controversy could be determined in the context of a removed Rule 202 petition, United has not met its burden. In the usual context (i.e., a removed civil action), there are two ways in which a removing party can satisfy its obligation of demonstrating that the minimum jurisdictional requirement has been met. First, the amount in controversy requirement can be satisfied if the petition itself shows that the petitioner seeks damages that are likely greater than $75,000. Second, the removing party can adduce facts that support a finding of the requisite

amount. *See Garcia*, 351 F.3d at 639. Enable does not allege a claim that is likely greater than $75,000.[10] And United has not adduced facts that satisfy the minimum jurisdictional amount.

United maintains that the amount in controversy should be equivalent to what Enable's principal (Wood) estimated to be the value of the business ($12 million) "that is subject of this potential action." Resp. Br. 3 (emphasis omitted). United contends that its supporting evidence (the declarations of Davis and Brooks) is undisputed. According to United,

> [t]he Notice of Removal attaches declarations from Messrs. Davis and Brooks noting that [Enable] has purchased more than $200,000 in goods from [United] so far this year and that [Enable] estimated the business that is subject of this potential action to be worth $12 million annually. Because [Enable] has not presented any evidence controverting these declarations, these amounts are not in dispute for purposes of the Motion for Remand.

Resp. Br. 7 (citations omitted).

But Enable has not yet filed a lawsuit against United that seeks this relief, and it has made no claim for damages that corresponds to this sum. Enable's petition alleges no amount in

---

[10]Texas has a procedure by which a defendant can compel a plaintiff to plead specifically "the maximum amount claimed." *See* Tex. R. Civ. P. 47. But the special exception procedure of Rule 47 applies to an original petition, counterclaim, cross-claim, or third party claim, not to a Rule 202 petition. There is no analogous procedural mechanism by which a party from whom a deposition is requested can require the petitioner to make a similar specification. This is probably due to the very nature of a Rule 202 proceeding, which seeks discovery or to perpetuate testimony, not to assert a claim for relief.

controversy and seeks only to take pre-suit depositions under Rule 202. Because no lawsuit has been filed and Enable merely seeks to take two depositions, it is not clear what the scope of any future litigation will be, much less what will be the amount in controversy. And as other courts have explained, a Rule 202 petition is merely a pre-suit request for depositions to investigate a potential claim or suit, see *McCrary*, 121 F.Supp.2d at 569, and it may never lead to a civil lawsuit, see *Davidson*, 2006 WL 1716075, at *2. Enable in fact confirms the speculative nature of the amount in controversy, noting in its Rule 202 petition that it desires to obtain the testimony of Davis and Brooks "to determine *whether* a claim *should be* pursued or *if* litigation should be instituted." Pet. ¶ 7 (emphasis added).

Although the court recognizes that jurisdiction can be established when a claimant seeks non-monetary relief, the controversy must still be capable of monetary valuation to satisfy the amount in controversy requirement. *See Lister v. Comm'rs Ct., Navarro County*, 566 F.2d 490, 493 (5th Cir. 1978) ("Nevertheless, the law is plain that a controversy must be capable of money valuation in order to satisfy the jurisdictional amount requirement,[.]"). In equitable relief cases, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *See Garcia*, 351 F.3d at 640 (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347

(1977)). In this case, United has failed to establish the value of the object of Enable's Rule 202 petition because no litigation may result, and, assuming that a lawsuit will be filed, its nature and scope are presently unknown.[11] And because any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction," *Acuna*, 200 F.3d at 339, this uncertainty supports remanding the case.

V

United relies on two district court opinions—*In re Texas,* 110 F.Supp.2d 514, and *Page*, 2006 WL 2828820—both of which held that a Rule 202 proceeding is a removable "civil action." Both cases, however, are distinguishable, at least for the reason that the courts were addressing whether Rule 202 petitions were removable on a basis other than diversity jurisdiction, which requires that a threshold minimum amount in controversy be established.[12] In *In re Texas* the Rule 202 proceeding was related to complex, ongoing federal tobacco settlements, and the district court relied on the All Writs Act to exercise jurisdiction. *See In re Texas*, 110 F.Supp.2d at 528-30. In *Page* the removing defendant contended that the Rule 202 proceeding necessarily arose under and required

---

[11]Assuming, as addressed in *Waller*, that the value of the object of the petition is the two depositions, United has failed to show that the value would exceed $75,000. *See Waller*, 2002 U.S. Dist. LEXIS 3586, at *5-*6.

[12]*Page*, of course, concluded on other grounds that the petition was *not* removable. *Page*, 2006 WL 2828820, at *5.

- 15 -

interpretation of an ERISA plan, i.e., that there was federal question jurisdiction. *See Page*, 2006 WL 2828820 at *1. Therefore, *In re Texas* and *Page* do not control the decision in this case, in which United seeks to invoke this court's subject matter jurisdiction based on diversity of citizenship.

VI

In its remand motion, Enable seeks Rule 11 sanctions against United. The court denies the request. First, Enable did not comply with Rule 11(c)(2). The motion was not made separately from the remand motion, and it does not appear to have been served 21 days before Enable filed the motion.[13] Second, even if the motion were procedurally correct, given the absence of Fifth Circuit authority and the fact that there is authority (albeit distinguishable) that supports removal, the court cannot conclude that Rule 11 sanctions should be imposed.[14]

---

[13]The motion appears to have been served on December 5, 2008, and the remand motion was filed on December 15, 2008.

[14]United responds to Enable's request for sanctions as if it were also made under 28 U.S.C. § 1447(c). *See* Resp. Br. 8. Because the motion is based on Rule 11, however, the court need not decide whether Enable is entitled to relief under § 1447(c). Even if the court did address § 1447(c), it would decline to award attorney's fees on this basis. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

* * *

Accordingly, placing the burden of establishing subject matter jurisdiction on United, presuming that Enable's Rule 202 petition lies outside this court's limited jurisdiction, and resolving all doubts against removal and in favor of remand, the court holds that it lacks subject matter jurisdiction over the petition. *See* 28 U.S.C. § 1447(c). This matter is remanded to the 298th Judicial District Court of Dallas County, Texas. The clerk shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

March 10, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE